# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN AUTOMOBILE ASSOCIATION, INC., a Connecticut corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>H&H TOWING SERVICE, an entity of unknown form; HASON RUBEN TORRES, an individual; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CV 15-07112-RSWL-KLS<br><br>**ORDER re: MOTION FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT** [27] |

　　Now before the Court is Plaintiff American Automobile Association, Inc.'s ("Plaintiff") Motion for Order to Show Cause re Civil Contempt ("Motion") [27]. Plaintiff moves this Court for an Order to Show Cause why Defendants should not be held in contempt of this Court's April 11, 2016 Judgment and Permanent Injunction. See generally Mot., ECF No. 27.

1

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." Spallone v. United States, 493 U.S. 265, 276 (1990); Shillitani v. U.S., 384 U.S. 364 (1966). "[C]ivil contempt may be established even though the failure to comply with the court order was unintentional." Perry v. O'Donnell, 759 F.2d 702, 705 (9th Cir. 1985). A showing of wilfulness is not a necessary element for civil contempt because while the purpose of criminal contempt is punishment, the purpose of civil contempt is remedial. Id. Further, there is no good faith exception to the requirement of obedience to a court order. In re Dual-Deck Video Cassette Recorder Antitrust Litigation, 10 F.3d 693, 695 (9th Cir. 1993).

"For issuance of a contempt order to be proper, [Plaintiff] must establish '(1) that [Defendants] violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.'" Labor / Community Strategy Ctr. v. Los Angeles County Metropolitan Transp. Authority, 564 F.3d 1115, 1123 (9th Cir. 2009). "The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999).

On April 11, 2016, this Court entered Judgment in favor of Plaintiff and against Defendants. J., ECF No. 24.  Upon review of Plaintiff's Motion and all relevant papers, it is clear to this Court that Defendants have violated Paragraphs 2 and 5 of the Judgment.  See Id. Accordingly, the Court hereby **ORDERS** Defendants to show cause, within thirty days of the entry of this Order, as to why they failed to comply with this Court's April 11, 2016 Judgment.  Defendants are further ordered to submit proof of compliance with this Court's April 11, 2016 Judgment, within thirty days.  Defendants are warned that if they fail to comply with this Court's Order within the proscribed period, the Court may impose civil contempt sanctions, including but not limited to monetary sanctions.

**IT IS SO ORDERED.**

DATED: July 19, 2016            s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge